```
MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $29,020.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $28,980.00 IN U.S. CURRENCY,<br><br>　　　　Defendants. | 2:18-MC-00192-TLN-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about July 12, 2018, agents with the United States Postal Inspection Service ("USPIS") seized approximately $29,020.00 in U.S. Currency from Lacy during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California. On or about July 17, 2018, agents with the USPIS seized approximately $28,980.00 in U.S. Currency (collectively, "the defendant currency") from Lacy during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 10, 2018, USPIS received a claim from Michael Nebadon Lacy ("Lacy") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on July 12, 2018, USPIS conducted a parcel interdiction at the Postal Facility at 2000 Royal Oaks Drive in Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The package was addressed to Mike Lacy, 3340 Wood Lane, Cameron Park, California, 95682, with the following return address: Shanay B, 360 Pharr Rd, Atlanta, Georgia, 30305.

4. The United States represents that it could further show at a forfeiture trial that on July 16, 2018, law enforcement officials spoke to Lacy, who told them he was expecting a parcel from Georgia. He told law enforcement officials the parcel should contain bedsheets and provided consent to open the parcel. Law enforcement found cash secreted inside the bedsheets and asked Lacy what the money was for and why it was packaged in such a manner. Lacy did not wish to answer the questions or incriminate himself. Lacy also refused to provide the sender's contact information.

5. The United States represents that it could further show at a forfeiture trial that on July 17, 2018, USPIS identified a second parcel with the exact same characteristics as the parcel noted above. The package was addressed to M. Lacy, 3340 Wood Lane, Cameron Park, California, 95682, with the following return address: Shanay B, 360 Pharr Rd, Atlanta, Georgia, 30305.

6. The United States represents that it could further show at a forfeiture trial that law enforcement officials were unable to reach Lacy and obtained a search warrant to open the parcel. Again, law enforcement found cash secreted inside the bedsheets

7. The United States represents that it could further show at a forfeiture trial that the parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained in this stipulation, claimant Lacy specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees to stipulate that an adequate factual basis exists to support forfeiture of the defendant currency. Michael Nebadon Lacy hereby acknowledges that he is the sole

owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of the Consent Judgment of Forfeiture, Approximately $29,020.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

15. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, Approximately $28,980.00 in U.S. Currency shall be returned to claimant Michael Nebadon Lacy through his attorney Isaac Safier.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal

3

Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: February 4, 2019

_____
Troy L. Nunley
United States District Judge